## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARTANIEL PRUITT, #19060570653,** ) <br> **JERRY B. EZEBUIROH, #19059152,** ) <br> **ALLEN McCRAY, #19060658,** ) <br> **TERRELL LUCAS, #2006131194,** ) <br> **VICTOR LINTON, #2006113A,** ) <br> **NICHOLAS FLETCHER, #20061326,** ) <br> **DAKOTA HOLLAND, #20061896,** ) <br> **NELSON PICHARDOREYES, #19059211,** ) <br> **JEREL BRYANT, #19060428,** ) <br> **LAMAREN JONES WILLIAMS, #20061448,** ) <br> **and GIOVANY GUZMAN, #20061897,** ) <br> ) <br>       **Plaintiffs,** ) <br> ) <br> vs. )        Case No. 20-cv-01115-JPG <br> ) <br> **KENNY BENZING,** ) <br> **RICH STEVENSON,** ) <br> **ALLISON ALEXANDER,** ) <br> **NURSE JANE DOE,** ) <br> **and DR. JOHN DOE,** ) <br> ) <br>       **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. The Complaint was filed by eleven inmates at Marion County Law Enforcement Center located in Salem, Illinois. (Doc. 1). Together, Plaintiffs filed this action *pro se* pursuant to 42 U.S.C. § 1983 to address constitutional deprivations that resulted from their exposure to COVID-19 at the Jail. (*Id*. at 6-10). They seek money damages and injunctive relief. (*Id*. at 11).

Plaintiffs signed and filed a single Complaint (Doc. 1) and Motion for Recruitment of Counsel (Doc. 3). Only Plaintiff Pruitt signed and filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2). Before they proceed together, the Court must address several matters.

1

**<u>Group Litigation by Multiple Prisoners</u>**

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* This means that each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually, or seek leave to pay the fee in installments by filing his *own* IFP motion along with a certified copy of his trust fund account statement for the six-month period preceding the filing of this action.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid

group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are four plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs, or other papers in the case will be four times greater than if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner pro se litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers all Plaintiffs, other than Plaintiff Pruitt whom it designates as the "lead" Plaintiff in this case, an opportunity to withdraw from this litigation before the case proceeds further. The *other* ten plaintiffs may wish to take into consideration the following points in making his decision:

- Each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- Each plaintiff will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- Each plaintiff will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, each plaintiff will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, each plaintiff will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[1]

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs.  As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself.  *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[2]  A non-attorney cannot file or sign papers for another litigant.  Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[2] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."   FED. R. CIV. P. 11(a).  Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

**Disposition**

**IT IS ORDERED** that **ALL PLAINTIFFS,** *other than* **Plaintiff Pruitt,** shall *each* advise the Court in writing on or before **November 10, 2020,** whether he wishes to continue as a Plaintiff in this group action.  If, by that deadline, any plaintiff advises the Court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[3]  **This is the *only* way to avoid the obligation to pay a filing fee for this action.**

**IT IS ORDERED** that if **ANY PLAINTIFFS,** *other than* **Plaintiff Pruitt,** wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee *will* be assessed.

**IT IS ORDERED** that **EACH PLAINTIFF,** *other than* **Plaintiff Pruitt,** must submit *separate* signed and properly completed Motions for Leave to Proceed *in forma pauperis* on or before **November 10, 2020.**  Plaintiff Pruitt already submitted an IFP Motion.  In addition, each Plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 4/1/2020 to 10/22/2020.  This information should be mailed to the Clerk of Court at the following address:  United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.  The Clerk is **DIRECTED** to provide each of the named Plaintiffs with a blank form IFP Motion and trust fund account certification form.  Failure to submit a properly completed IFP Motion does *not* relieve that Plaintiff of the obligation to pay the $400.00 filing fee, unless he also submits timely written notice that he does not intend to proceed with the action.  **Any Plaintiff who simply does not respond to this Order on or before November 10, 2020,**

---

[3] As the lead Plaintiff, Pruitt may choose to voluntarily dismiss or sever his claims, but he may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

*will* **be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

In addition, Plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 28, 2020**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT
United States District Judge**