IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARTANIEL PRUITT, #19060570653,** ) <br> **JERRY B. EZEBUIROH, #19059152,** ) <br> **VICTOR LINTON, #2006113A,** ) <br> **NELSON PICHARDOREYES, #19059211,** ) <br> **JEREL BRYANT, #19060428,** ) <br> **LAMAREN JONES WILLIAMS, #20061448,** ) <br> **and GIOVANY GUZMAN, #20061897,** ) <br>        ) <br>            **Plaintiffs,** ) <br>        ) <br> vs.       ) <br>        ) <br> **KENNY BENZING,** ) <br> **ALLISON ALEXANDER,** ) <br> **RICH STEVENSON,** ) <br> **NURSE JANE DOE ,** ) <br> **and DR. JOHN DOE,** ) <br>        ) <br>            **Defendants.** ) | Case No. 20-cv-01115-JPG |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiffs, who are all detained at Marion County Law Enforcement Center ("Jail"), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiffs assert that they all "caught COVID-19" in July 2020. (*Id*. at 6). Plaintiffs blame correctional officers, who refused to wear masks, and Sheriff Stevenson and Jail Administrator Benzing, who failed to require masks or social distancing. (*Id*. at 6, 10). Nurses Alexander and Jane Doe denied their requests for COVID-19 testing and falsely reported their high fevers (103°F plus) as normal (98°F). (*Id*. at 7, 9). When Plaintiffs filed grievances and sick call requests, Sheriff Stevenson, Jail Administrator Benzing, Nurse Alexander, and Nurse Doe failed to respond. (*Id*.). Plaintiffs seek money damages, a transfer or face masks/social distancing, and termination of defendants' employment. (*Id*. at 11).

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  *See* 28 U.S.C. § 1915A(b).

Consistent with the allegations, the Court designates the following enumerated counts in this *pro se* Complaint:

> **Count 1:** Sheriff Stevenson and Jail Administrator Benzing failed to take steps to mitigate Plaintiffs' serious risk of COVID-19 exposure at the Jail in July 2020 by failing to require masks and social distancing, in violation of Plaintiffs' constitutional rights under the Eighth or Fourteenth Amendment.
>
> **Count 1:** Nurses Alexander and Jane Doe denied Plaintiffs' requests for COVID-19 testing (July to October) and failed to record their symptoms of COVID-19 (July 2020), in violation of Plaintiffs' constitutional rights under the Eighth or Fourteenth Amendment.
>
> **Count 3:** Sheriff Stevenson, Jail Administrator Benzing, Nurse Alexander, and Nurse Doe failed to respond to Plaintiffs' grievances and sick call slips addressing COVID-19, in violation of Plaintiffs' constitutional rights under the Fourteenth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

All three claims survive screening against those defendants who are named in connection with each claim above.  The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiffs were convicted prisoners

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard set forth in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs their claims, if they were pretrial detainees when their claims arose. Counts 1, 2, and 3 survive preliminary review under both standards against those defendants named in connection with each claim above.

However, Dr. John Doe shall be dismissed. Plaintiffs name this defendant in the case caption of the Complaint, but the doctor is not mentioned in the statement of claim. Plaintiffs cannot articulate a claim against a defendant by merely listing him in the lawsuit. Accordingly, this defendant shall be dismissed without prejudice.

## **Identification of Nurse Jane Doe**

Plaintiffs shall be allowed to proceed with their claims against Nurse Jane Doe. However, the defendant must be identified with particularity before service of the Complaint can be made on her. Plaintiffs will have the opportunity to engage in limited discovery to ascertain each unknown defendant's identity. In this case, Jail Administrator Benzing will be named as a defendant, in his official capacity (in addition to his individual capacity in connection with Counts 1 and 3), and he shall be responsible for responding to discovery aimed at identifying the unknown defendant. Once the name of this unknown defendant is discovered, Plaintiffs must file a motion to substitute the newly identified defendant in place of the generic designations in the caption and throughout the Complaint.

## **Request for Immediate Relief**

In the Complaint, Plaintiffs request a transfer to another county jail or, in the alternative, masks and social distancing requirements at the Jail. (*Id*. at 11). It is unclear whether Plaintiffs seek interim injunctive relief during the pending action, permanent injunctive relief at the close of

the case, or both. They did not request a temporary restraining order ("TRO") or preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. They also did not file a separate motion seeking this relief. If Plaintiffs would like to request interim or urgent relief, they may file a separate Motion for TRO or Preliminary Injunction at any time during the pending action. In it, they should set forth the exact form of relief they seek and the facts that support their request for relief.

Jail Administrator Kenny Benzing shall remain named as a defendant, in his official capacity, based on Plaintiffs' request for injunctive relief in the Complaint, and he shall be responsible for implementing any injunctive relief that is ordered in this action.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening, as follows.

- **COUNT 1** against Defendants **RICH STEVENSON** and **KENNY BENZING**;
- **COUNT 2** against Defendants **ALLISON ALEXANDER** and **JANE DOE**;
- **COUNT 3** against Defendants **RICH STEVENSON**, **KENNY BENZING**, **ALLISON ALEXANDER**, and **JANE DOE**.

The claims are **DISMISSED** without prejudice for failure to state a claim against any defendants who are not named in connection with each claim above.

**IT IS ORDERED** that Defendant **DR. JOHN DOE** is **DISMISSED** without prejudice because the Complaint fails to state a claim upon which relief may be granted against him.

The Clerk of Court is **DIRECTED** to **ADD** an official capacity claim against Defendant **KENNY BENZING**, who shall be responsible for responding to discovery aimed at identifying Nurse Jane Doe and implementing any injunctive relief that is ordered herein. Because this suit addresses one or more medical claims, the Clerk of Court is further **DIRECTED** to **ENTER** the standard qualified protective order under the Health Insurance Portability and Accountability Act.

**IT IS ORDERED** that as to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendants **KENNY BENZING** (individual and official capacities)**, RICH STEVENSON, ALLISON ALEXANDER,** and, once identified, **JANE DOE** (nurse): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiffs.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiffs, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under Section 1915, Plaintiffs will be required to pay the full amount of the costs, whether or not their applications to proceed *in forma pauperis* are granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 11/20/2020**                                  s/J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **United States District Judge**

## Notice to Plaintiffs

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiffs are advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**