IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARTANIEL PRUITT, #19060570653,** ) <br> **JERRY B. EZEBUIROH, #19059152,** ) <br> **VICTOR LINTON, #2006113A,** ) <br> **and GIOVANY GUZMAN, #20061897,** ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> **KENNY BENZING,** ) <br> **RICH STEVENSON,** ) <br> **ALLISON ALEXANDER,** ) <br> **and NURSE JANE DOE,** ) <br>  ) <br> Defendants. ) | Case No. 20-cv-01115-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiffs filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 on October 22, 2020. (Doc. 1). In the Complaint, eleven inmates at Marion County Law Enforcement Center asserted claims against Marion County officials for exposing them to conditions of confinement at the jail that increased their risk of contracting COVID-19. (Doc. 1, pp. 6-11). They requested monetary and injunctive relief. *Id*.

On October 28, 2020, the Court entered an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). (Doc. 6). Plaintiffs were advised of the risks and responsibilities associated with group litigation. *Id*. They were also given a deadline to notify the Court of their desire to proceed together, separately, or not at all. *Id*. Plaintiffs Pruitt,[1] Ezebuiroh, Linton, and

---

[1] Pruitt was designated as the "lead plaintiff" because he was the only individual who signed and filed the Complaint (Doc. 1) and Motion for Recruitment of Counsel (Doc. 3). As a result of this designation, Pruitt was not required to separately confirm his intention to proceed with the action. (Doc. 6, p. 3).

1

Guzman confirmed their wish to proceed together in a single action.

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A on November 24, 2020. (Doc. 37). Plaintiff was allowed to pursue the following claims against the defendants under the Fourteenth and/or Eighth Amendments: Count 1 against Sheriff Stevenson and Jail Administrator Benzing for failing to take steps to mitigate the risk of COVID-19 exposure at the Jail in July 2020; Count 2 against Nurses Alexander and Jane Doe for failing to record symptoms of COVID-19 in July 2020 and denying the plaintiffs' requests for COVID-19 testing from July to October 2020; and Count 3 against all four defendants for failing to respond to grievances and sick call slips about the same. *Id*.

Service of the suit was ordered on the three known defendants, and all three have since filed answers to the Complaint. (Docs. 78 and 91). Nurse Jane Doe has not yet been identified, served with this lawsuit, or answered. The Court nevertheless notes that the plaintiffs are no longer housed together in the same facility. They are housed at four different institutions. Group litigation has become unnecessarily cumbersome as a result. For this reason and the additional reasons set forth below, the Court deems it appropriate to sever each plaintiff's claims into a new suit at this time.

As the Court previously explained in the *Boriboune* Order (Doc. 6), multi-plaintiff actions present unique difficulties. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004) (outlining risks and responsibilities attendant to group litigation). District courts are required to accept joint complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. *See* FED. R. CIV. P. 20. Rule 20 allows plaintiffs to proceed in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." *Id*. If the requirements for permissive

joinder are satisfied, complaints filed by multiple plaintiffs can proceed together in the same suit. *See Boriboune*, 391 F.3d at 855; FED. R. CIV. P. 20. However, they are not required to proceed together.

A district court may look to other civil rules to manage group litigation. At any time, a district court may sever claims, add or drop parties, order separate trials, or issue pretrial orders to manage litigation. *Boriboune*, 391 F.3d at 854 (citing FED. R. CIV. P. 16, 20(b), 21, 42(b)). District courts have broad discretion in such matters. *Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001). The Seventh Circuit has stated, "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" or create "prejudice, expense[,] or delay." *Id*. (quotations and citations omitted). Other relevant factors weigh in favor of separate suits for each plaintiff here.

For example, the applicable legal standard for the plaintiffs' claims may vary, based on their legal status at the time the claims arose. Claims of unconstitutional conditions of confinement and inadequate medical care arise under the Fourteenth Amendment Due Process Clause when brought by pretrial detainees and the Eighth Amendment when asserted by convicted persons. *See Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) (conditions of confinement claim); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (denial of medical care). Because Plaintiffs were housed at the Jail during the relevant time period, it is unclear whether they were pretrial detainees or convicted persons. To the extent the plaintiffs were not all one or the other, the Court must apply a different legal standard to their claims for the duration of the case. This creates unnecessary confusion for the plaintiffs and other parties.

The facts that support each claim are different, and this is particularly true in the context of exhaustion of administrative remedies. According to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), each plaintiff is required to exhaust available administrative remedies before bringing suit. *See Hunter v. Allen Cty. Jail,* No. 20-cv-412-WCL-SLC, 2020 WL 6874210, at *2 (N.D. Ind. Nov. 23, 2020) (noting that each plaintiff "must separately exhaust every one of the claims he is bringing before filing suit" even if the plaintiffs have similar claims). This means that each Plaintiff must show that he exhausted all available administrative remedies before initiating this action. These facts are unique to each Plaintiff's situation and likely share little overlap with other plaintiffs.

Whether the defendants decide to pursue summary judgment against a plaintiff based on his failure to exhaust depends on the particular circumstances of each plaintiff's case. Defendants may pursue summary judgment against some plaintiffs and not others. Doing so will result in separate tracks and evidentiary hearings before the case can proceed to the merits. Separate suits will allow the parties to proceed at the pace that is most appropriate for that case.

The Court also notes numerous other barriers outlined in the *Boriboune* Order. (Doc. 6). These impediments to group litigation include increase difficulties obtaining necessary signatures on motions, briefs, and other filings; increased costs associated with service of all motions, briefs, and other papers on all parties under Federal Rule of Civil Procedure 5; increased delays associated with large filings; and increased risk of sanctions under Federal Rule of Civil Procedure 11.

Given all of this, the Court finds that allowing the plaintiffs to proceed together would result in unnecessary and avoidable confusion, delay, prejudice, and cost. The Court may, at any time, add or drop a party or sever a claim on just terms. *See* FED. R. CIV. P. 21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem

by severance (creating multiple suits that can be properly screened). . . . "). The Court finds that severance is necessary to ensure the "just, speedy, and inexpensive determination" of this case. *See* FED. R. CIV. P. 1. At the same time, severance now does not preclude consolidation later of an issue, a hearing, a trial, or otherwise. *See* FED. R. CIV. P. 42(a). It also does not preclude the plaintiffs from coordinating their efforts. At this time, the Court deems it necessary and appropriate to require the plaintiffs to proceed with their claims in separate suits. The Clerk of Court will therefore be directed to open a new lawsuit for each plaintiff.

## Disposition

**IT IS ORDERED** that, for the reasons set forth above, each Plaintiff is required to proceed with his claims in Counts 1, 2, and 3 in a separate suit. The following Plaintiffs are **DISMISSED** from this matter: **JERRY B. EZEBUIROH, VICTOR LINTON,** and **GIOVANY GUZMAN**. The Clerk of Court is **DIRECTED** to **TERMINATE** these plaintiffs as parties to *this action* in CM/ECF.

The Clerk of Court is **DIRECTED** to **OPEN** a separate case for each plaintiff, other than Plaintiff Dartaniel Pruitt, against Defendants **KENNY BENZING, ALLISON ALEXANDER, RICH STEVENSON,** and **NURSE JANE DOE** and file the following documents in each newly-severed case:

1) The Complaint (Doc. 1);
2) Order for Service (Doc. 37);
3) HIPAA Qualified Protective Order (Doc. 39);
4) Answer to Complaint filed by Allison Alexander (Doc. 78);
5) Answer to Complaint and Affirmative Defenses filed by Kenny Benzing and Rich Stevenson (Doc. 91);
6) This Memorandum and Order Severing Case.

Each Plaintiff was already granted leave to proceed *in forma pauperis* in this action, so he need not re-apply for IFP status in the newly-opened case.

The Court will separately docket any orders regarding Plaintiff's IFP status and enter an Initial Scheduling Order in each newly-opened case.

The **only plaintiff remaining in this action** is Plaintiff **DARTANIEL PRUITT**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **DARTANIEL PRUITT, Plaintiff vs. KENNY BENZING, ALLISON ALEXANDER, RICH STEVENSON,** and **JANE DOE, Defendants.**

Finally, Plaintiff Pruitt is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/17/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
