IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARTANIEL PRUITT, #19060570653,  )<br>  )<br>  **Plaintiff,**  )<br>  )<br>vs.  )<br>  )<br>KENNY BENZING,  )<br>ALLISON ALEXANDER,  )<br>RICH STEVENSON,  )<br>and NURSE JANE DOE,  )<br>  )<br>  **Defendants.**  ) | Case No. 20-cv-01115-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Dartaniel Pruitt[1] filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 claiming Defendants failed to mitigate the risk of infection with COVID-19, failed to record his symptoms or give him a COVID-19 test, and failed to respond to his grievances and sick call slips while he was detained at the Marion County Law Enforcement Center ("the Jail") from July to October 2020. (Docs. 1, 37, 112). This matter is now before the Court for consideration of a joint motion for summary judgment filed by Defendants. (Doc. 116). Defendants argue for dismissal of this case based on Plaintiff's failure to exhaust his available administrative remedies at the Jail prior to filing suit. *Id.* For the reasons set forth below, the motion shall be **GRANTED**.

### BACKGROUND

Plaintiff alleges that he contracted COVID-19 at the Jail in July 2020 (Doc 1, p. 6). He asserts that Sheriff Stevenson and Jail Administrator Benzing failed to require correctional officers to wear masks or observe social distancing. (*Id.* at 6, 10). Nurses Alexander and Jane Doe denied

---

[1] Plaintiff filed this case jointly with ten other co-Plaintiffs; the other Plaintiffs' surviving claims were later severed into separate cases. (Doc. 112).

1

his requests for COVID-19 testing and falsely reported his temperature was normal when he ran a fever of over 103 degrees. (*Id.* at 7, 9). Each Defendant failed to respond to Plaintiff's grievances and sick call requests.

Following threshold review of this matter pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on three claims: Eighth or Fourteenth Amendment claims against Stevenson and Benzing for failure to mitigate the risk of COVID-19 exposure (Count 1); Eighth or Fourteenth Amendment claims against Alexander and Nurse Jane Doe for denial of COVID-19 testing and failure to record his symptoms (Count 2); and Fourteenth Amendment claims against all Defendants for failure to respond to grievances and sick call slips. (Doc. 37).

The motion for summary judgment was filed on October 18, 2021. (Doc. 116). The Court notified Plaintiff that the motion had been filed, his response to the motion was due by November 22, 2021, and warned him that under this Court's Local Rule 7.1(c), a failure to file a response "may, in the Court's discretion, be considered an admission of the merits of the motion." (Doc. 117). Previously, the Court's Initial Scheduling and Discovery Order of August 25, 2021 warned Plaintiff that a failure to respond to a motion for summary judgment on the issue of exhaustion of administrative remedies "may result in an Order granting the motion." (Doc. 113, p. 5). Shortly after Defendants filed the motion, Plaintiff notified the Court that he had been transferred to the Williamsburg Federal Correctional Institution in South Carolina (Doc. 119), and the Clerk of Court re-sent the Orders containing those warnings to his new address. (Doc. 120).

Plaintiff's November 22, 2021 response deadline is long past, and he has not filed any response to the motion despite the above notices of the consequences, nor has he requested an extension of time.[2]

---

[2] Additionally, Plaintiff has not paid the initial partial filing fee of $70.60 which he was ordered to do by November 22, 2021 and failed to file a motion to substitute the Jane Doe Defendant, due on the same date.

**LEGAL STANDARDS**

A.  **Summary Judgment**

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). If a defendant demonstrates the absence of sufficient evidence to support Plaintiff's claim, Plaintiff must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324-25.

B.  **PLRA Exhaustion Requirement**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), governs lawsuits filed by inmates about the conditions of their confinement pursuant to 42 U.S.C. § 1983. The PLRA provides that "no action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA to require "proper exhaustion" before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that Section 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under Section 1983). This requires an inmate to "us[e] all steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548

---

(Docs. 113, 121). Both of those omissions provide grounds for dismissal of the action for failure to prosecute. *See* FED. R. CIV. P 41(b).

3

U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In other words, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

### DISCUSSION

The Marion County Jail has a four-step grievance procedure for detainees, which is set forth on the Jail's Grievance Form. (Doc. 116, pp. 2-3; Doc. 116-1, pp. 1-2; Doc. 116-2). The first step is for the inmate to discuss the matter with an officer. *Id.* If the discussion fails to resolve the problem, step two is for the inmate to submit a written grievance form to the Jail Sergeant within 24 hours of the incident. *Id.* If still not resolved, step three requires the inmate to submit a written grievance form to the Jail Administrator. *Id.* Finally, step four is to submit the grievance to the Sheriff, who makes the final decision. An inmate can submit the grievance to the next step of the process by circling or otherwise indicating the step number on the grievance, or by addressing the grievance to the next official. *Id.* Each step must be completed within 24 hours of the time the grievance was denied at the earlier step. *Id.*

Defendants assert that Plaintiff submitted only one grievance regarding medical care during the relevant time, January 1, 2020 through October 31, 2020.[3] (Doc. 116, p. 3; Doc. 116-1, p. 2; Doc. 116-2, p. 1). His July 7, 2020 grievance complained that he was charged $10 for a protocol that should have been free, there was a lack of safety practices to prevent COVID-19, and it took four hours for him to get medical attention after telling an officer he was having trouble breathing. (Doc. 116-1, p. 1). The Jail records show that this grievance was submitted to the Sergeant for step two of the process but was not appealed through steps three or four. (Doc. 116-1, p. 2).

Plaintiff has not come forward with any factual assertions to dispute Defendants' claim

---

[3] Plaintiff submitted an unrelated grievance on January 9, 2020 complaining about his inability to see discovery materials for his trial. (Doc. 16-2, p. 2).

that he failed to pursue this grievance through the final two steps of the Jail's grievance process. Under Federal Rule of Civil Procedure 56(e), "[i]f a party fails ... to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." And as Plaintiff was advised, under Local Rule 7.1(c), a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." (See Doc. 117). Consistent with these Rules, the Court deems the facts asserted in Defendants' motion undisputed and Plaintiff's failure to respond as an admission of the merits of Defendants' motion. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).

The content of the July 7, 2020 grievance arguably provided notice of Plaintiff's claims in Counts 1 and 2 of this action – failure to mitigate the risk of exposure to COVID-19 and a delay by medical staff in responding to his symptoms of possible COVID-19 infection – even though he did not include Benzing or Alexander by name. However, the failure to pursue the grievance through step three (presentation to Jail Administrator Benzing) or step four (presentation to Sheriff Stevenson) deprived those Defendants of notice of Plaintiff's allegations and the opportunity to resolve his complaints at the institutional level before Plaintiff filed suit. As for Count 3, the alleged failure of Defendants to respond to grievances and sick call slips, there is no record of Plaintiff filing any grievance raising this issue.

Because there are no disputed facts in the record and Plaintiff conceded the merits of the motion by failing to file a response, the Court finds that Plaintiff failed to exhaust his administrative remedies through the Jail's grievance process as to each of his claims against all Defendants.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendants' Joint Motion for Summary Judgment – Failure to Exhaust Administrative Remedies (Doc. 116). is **GRANTED**. **COUNTS 1, 2, and 3** against **BENZING, ALEXANDER, STEVENSON, and NURSE JANE DOE**, and this entire action are **DISMISSED without prejudice**. Any other pending motions are **DENIED** as **MOOT**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 12/28/2021**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**